IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

SEAN MICHAEL SCOTT, §
 Plaintiff, §
 §
v. § EP-17-CV-339-DCG
 §
WARDEN SCOTT WILLIS, LT. SANDRA §
RUSSELL, OFFICER JOHN RUBIO, §
NURSE JENNY BROWN, CAPTAIN §
CRAIG LEE, §
 Defendants. §

## MEMORANDUM OPINION AND ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff Sean Michael Scott—a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas[1]— raises tort claims pursuant to the Federal Tort Claims Act (FTCA) and civil rights claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in a pro se complaint. Pl.'s Compl., ECF No. 7.[2] Scott names Warden Scott Willis, Lt. Sandra Russell, Officer John Rubio, Nurse Jenny Brown, and Captain Craig Lee—all federal employees—as Defendants.

Defendants move to dismiss Scott's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defs' Mot. Summ. J., ECF No. 53. In the alternative, Defendants ask the Court to grant them summary judgment under Federal Rule of Civil Procedure 56. *Id.*

Scott responds with a motion to set aside Defendant's motion to dismiss and to grant his

---

[1] Anthony, located in El Paso County, Texas, is within the territorial jurisdiction of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).
[2] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

petition for injunctive and declaratory relief. Pl.'s Mot. to Set Aside, ECF No. 45. Scott also responds with a cross-motion for summary judgment. Pl's Mot. Summ. J., ECF No. 46.

For the reasons outlined below, the Court will grant Defendants' motion and dismiss Scott's complaint.

## BACKGROUND AND PROCEDURAL HISTORY

Scott alleges Russell and Rubio placed him in the Special Housing Unit (SHU) at La Tuna on February 12, 2016, for reasons stemming from "a private litigation he was involved in with a private collection agency." Pl.'s Compl. 11–12, ECF No. 7. He claims that same evening, Brown denied him medication for a headache and became irate and indifferent to his pain and suffering. *Id.* at 12–13. He asserts the following evening he spoke to Brown about his medications for blood pressure, cholesterol, and heart attack prevention, but she again became irate and indifferent to his pain and suffering. *Id.* at 12. He adds that on the evening of February 14, 2016, Brown was again indifferent to his pain and refused him medication for his "headache, disorientation, and nausea." *Id.* at 13. Scott maintains he spoke with Willis on March 4, 2016, about his placement in SHU, his treatment by prison staff, and the failure of Russell and the Special Investigative Services to "observe his constitutional rights." *Id.* He avers Willis indicated he would "look into the matter" and have "Lt. Uribe" inform Scott of the results, but Uribe never got back to him. *Id.* at 13–14. He alleges later in the day, he was taken to the SHU Property Room where Rubio, without the presence of another officer, threatened, harassed, intimidated, and verbally assaulted him while he was "disoriented, nauseated and in pain." *Id.* at 14. Scott claims he sent nine "copouts"—informal requests to resolve disputes on BP-S148.055 forms—to Russell and one copout to Captain Craig Lee, but he

never received responses. *Id.* at 14–15. He seeks "injunctive monetary relief" and declaratory relief" of five million dollars for "devastating emotional, physical and psychological injuries," and he asks for an order to prevent the Bureau of Prisons from retaliating against him for exercising his constitutional rights. *Id.* at 18.

Defendants move to dismiss Scott's claims or, in the alternative, to grant them summary judgment. Mot. Summ. J., ECF No. 53. Defendants argue Scott failed to exhaust his administrative remedies. *Id.* at 4–9.

Scott maintains in a motion to set aside that he was not required to exhaust administrative remedies prior to bringing his *Bivens* claims, and offers other arguments in opposition to Defendants' motion. Pl.'s Mot. to Set Aside 1–9, ECF No. 45. Scott notes "[i]n *McCarthy v. Madigan*, [503 U.S. 140 (1992),] the Supreme Court resolved a conflict among the circuits and held that a prisoner seeking solely money damages in a *Bivens* suit does not need to exhaust administrative remedies." *Id.* at 2. Scott claims he raises a "facial challenge" to Federal Rule of Civil Procedure 56(c) in his cross-motion for summary judgment, claiming it "places an 'undue burden' on the fundamental rights secured by the Fifth and Eighth Amendments." Pl's Mot. Summ. J. 1, 4, ECF No. 46.

## ANALYSIS

The United States Magistrate Judge to whom the Court referred this matter submitted a report and recommendation on the disposition of this case to the Court. R. &. R., ECF No. 66. *See* 28 U.S.C. § 636(b)(1)(B) (2012) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation). He suggests that the Court construe Scott's motions as a request for enlargement of time to respond

to Defendants' motions. R. &. R. 1, ECF No. 66. He recommends that the Court grant Defendants' motion to dismiss Scott's FTCA claims for lack of subject matter jurisdiction under Rule 12(b)(1) and grant Defendants' motion for summary judgment on Scott's *Bivens* claims under Rule 56(c). *Id.*

### A. Federal Tort Claims Act

The Magistrate Judge explains that "a motion to dismiss brought under Rule 12(b)(l) of the Federal Rules of Civil Procedure challenges the court's subject matter jurisdiction to hear the case." *Id.* at 8. The FTCA "grants a limited waiver of sovereign immunity" to allow federal courts subject matter jurisdiction over certain claims. *Id.* at 10 (citing *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013)). But the FTCA permits recovery of monetary damages "only after a plaintiff has 'presented the claim to the appropriate Federal agency and his claim [has been] finally denied by the agency.'" *Id.* (quoting 28 U.S.C. § 2675(a)). Hence "[a] court's subject matter jurisdiction is conditioned on the exhaustion of administrative review." *Id.* (citing *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013).

The Magistrate Judge notes that Defendants offered evidence—which Scott did not dispute—showing that he did not present an administrative tort claim to the Bureau of Prisons before bringing his FTCA claim in federal court. *Id.* at 11. And "[b]ecause Scott has not shown that he has presented his claim to the BOP as required by the FTCA, he has not met his burden to show that this Court has jurisdiction over his FTCA claim." *Id.* Thus, Defendants are entitled to dismissal of Scott's FTCA claim under Rule 12(b)(1).

### B. *Bivens* Claim

The Magistrate Judge also explains that "[s]ummary judgment is proper 'if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 9 (citing Fed. R. Civ. P. 56(a)). He adds "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* at 12 (quoting 42 U.S.C. § 1997e(a)). However, "a prisoner's failure to exhaust administrative remedies does not deprive courts of subject matter jurisdiction." *Id.* (quoting *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010). "Accordingly, a 12(b)(1) motion to dismiss for lack of jurisdiction will not succeed if based on failure to exhaust administrative remedies in *Bivens* actions." *Id.* And, because Defendants presented evidence to support their claim that Scott had not exhausted, " the Court must treat the motion as one for summary judgment under Rule 56," and not a motion to dismiss under Rule 12(b)(6). *Id.* at 13 (citing Fed. R. Civ. P. 12(d).

The Magistrate Judge notes that "Scott does not offer any argument or competent summary judgment evidence rebutting the evidence supplied by Defendants that Scott did not pursue his administrative remedies through the final step required by 28 C.F.R. § 542.10 *et seq.*" *Id.* at 18. Scott relies on *McCarthy v. Madigan*, 503 U.S. 140 (1992), to argue "that he is not required to exhaust administrative remedies." *Id.* (citing Pl.'s Mot. to Set Aside 2–3, ECF No. 45). But the Magistrate Judges explains that in *Woodford v. Ngo*, 584 U.S. 81 (2006), the Supreme Court recognized that 42 U.S.C. § 1997e(a)—enacted <u>after</u> *McCarthy*—"strengthened the exhaustion provision by making it mandatory." *Id.* (citing *Woodford*, 548 U.S. at 85). "Thus, Scott's reliance on *McCarthy* is misplaced." *Id.* And "[b]ecause Defendants have cited competent summary judgment evidence that Scott has failed to exhaust administrative

remedies relating to his *Bivens* claims and Scott has failed to rebut such evidence, the Court finds that there is no genuine issue of material fact" and Defendants are entitled to summary judgment. *Id.*

### C. Objections to the Report and Recommendation

The Magistrate Judge allowed the Parties fourteen days to file written objections to his proposed findings, conclusions, and recommendations. *Id.* at 19; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, the Court may accept, reject, or modify a report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Scott objects "to all the adverse rulings in the Report and Recommendation." Pl.'s Obj. 1, ECF No. 69. He also claims "[t]he Magistrate Judge's assertion that the District Court lacks subject matter jurisdiction" over his FTCA claims "because of [his] failure to exhaust administrative remedies is constitutionally unavailing and flies in the face of applicable law." *Id.* He further claims—again relying on *McCarthy*—"the Magistrate Judge's assertion [that] administrative remedies" are a condition precedent to a *Bivens* claim "is constitutionally untenable." *Id.* at 4.

The Magistrate Judge thoroughly—and correctly—explained why the Court lacked subject matter jurisdiction over Scott's FTCA claim. According to 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Hence "[a] court's subject matter jurisdiction is conditioned on the exhaustion of administrative review" *Hinojosa*, 506 F. App'x at 282.

The Magistrate Judge also explained the statutory requirement for exhaustion as a precondition for bringing a *Bivens* claim. According to 42 U.S.C. § 1997e(1):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This provision made exhaustion "mandatory." *Woodford*, 548 U.S. at 85.

Scott offers nothing new in his objections. He fails to overcome the statutory exhaustion requirements for claims under either the FTCA or *Bivens*. And he has not met his burden of coming forward with "specific facts showing that there is a genuine issue for trial" concerning his claim under *Bivens*. *Matsushita*, 475 U.S. at 587. A district court need not consider "frivolous, conclusive, or general objections." *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). The Court will accordingly overrule Scott's objections. *Id.*

## CONCLUSIONS AND ORDERS

The Court concludes that Scott has not met his burden of showing the Court has the subject matter jurisdiction necessary to address his FTCA claims and the Defendants are entitled to dismissal. The Court further concludes that, because Scott has not rebutted the Defendants'

claim that he failed exhaust administrative remedies relating to his *Bivens* claims, there is no genuine issue of material fact, and the Defendants are entitled to summary judgment. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Plaintiff Sean Michael Scott's "Objections to the Report and Recommendation of the Magistrate Judge" (ECF No. 69) are **OVERRULED**, and that the "Report and Recommendation of the Magistrate Judge" (ECF No. 66) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Sean Michael Scott's "Motion to Set Aside Defendants' Motion to Dismiss or to Grant Summary Judgment and Grant Plaintiff's Petition for Injunctive and Declaratory Relief" (ECF No. 45) and "Cross-Motion for Summary Judgment" (ECF No. 46) are **CONSTURED** as a motion for enlargement of time to respond to the "Federal Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and is **GRANTED**.

**IT IS ALSO ORDERED** that the "Federal Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (ECF No. 53) is **GRANTED** to the extent that it seeks dismissal of Plaintiff Sean Michael Scott's FTCA claim for lack of subject matter jurisdiction and dismissal of Scott's *Bivens* claim for failure to exhaust administrative remedies, and **DENIED** to the extent that it seeks dismissal of Scott's *Bivens* claims for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff Sean Michael Scott's "Petition for Injunctive and Declaratory Relief Pursuant to the Federal Tort Claims Act & *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*" (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**IT IS ADDITIONALLY ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this \_\_\_\_7th\_\_\_\_ day of February 2019.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE